THE ATTORNEY GENERAL HAS REFERRED YOUR LETTER REGARDING LOCAL COUNTY CONSERVATION DISTRICT TO ME FOR A RESPONSE. AS UNDERSTAND IT, YOU HAVE ASKED THE FOLLOWING QUESTIONS: (1) MAY A LOCAL COUNTY CONSERVATION DISTRICT DISTRIBUTE FUNDS TO A GROUP SUCH AS A LOCAL SCHOOL CHAPTER OF THE FUTURE FARMERS OF AMERICA?; (2) MAY DIRECTORS OF A LOCAL COUNTY CONSERVATION DISTRICT BOARD ACCEPT REIMBURSEMENT FOR PER DIEM AND MILEAGE EXPENSES FOR ATTENDING BOARD MEETINGS?; AND (3) MAY LOCAL COUNTY CONSERVATION DISTRICTS PAY FEES AND EXPENSES INCURRED BY CONSERVATION BOARD DIRECTORS IN THE COURSE OF PERFORMING THEIR DUTIES? YOU SHOULD UNDERSTAND THAT WHAT FOLLOWS IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
YOUR QUESTIONS RAISE ISSUES INVOLVING THE CONSERVATION DISTRICT ACT, 82 O.S. 1501-101 (1981), ET SEQ. THAT ACT BEGINS WITH THIS GENERAL DECLARATION OF POLICY:
 ". . . . IT IS HEREBY DECLARED TO BE THE POLICY OF THE STATE OF OKLAHOMA TO PROVIDE FOR THE CONSERVATION OF THE RENEWABLE NATURAL RESOURCES OF THIS STATE, AND FOR THE CONTROL AND PREVENTION OF SOIL EROSION, AND FOR THE PREVENTION OF FLOODWATER AND SEDIMENT DAMAGES, AND FOR FURTHERING THE CONSERVATION, DEVELOPMENT, UTILIZATION AND DISPOSAL OF WATER, AND THEREBY TO PRESERVE AND DEVELOP NATURAL RESOURCES, CONTROL FLOODS, CONSERVE AND DEVELOP WATER RESOURCES OR WATER QUALITY, PREVENT IMPAIRMENT OF DAMS AND RESERVOIRS, PRESERVE WILDLIFE, PRESERVE NATURAL BEAUTY, PROMOTE RECREATIONAL DEVELOPMENT, PROTECT THE TAX BASE, PROTECT PUBLIC LANDS AND PROTECT AND PROMOTE THE HEALTH, SAFETY AND GENERAL WELFARE OF THE PEOPLE OF THIS STATE. IT IS FURTHER THE POLICY OF THE LEGISLATURE TO AUTHORIZE CONSERVATION DISTRICT ESTABLISHED UNDER THIS ACT TO SERVE AS THE PRIMARY LOCAL UNIT OF GOVERNMENT RESPONSIBLE FOR THE CONSERVATION OF THE RENEWABLE NATURAL RESOURCE OF THIS STATE, AND COMPETENT TO ADMINISTER, IN CLOSE COOPERATION WITH LANDOWNERS ND OCCUPIERS, WITH LOCAL GOVERNMENTAL UNITS, ND WITH AGENCIES OF THE GOVERNMENT OF THE UNITED STATES, PROTECTS, PROGRAMS AND ACTIVITIES SUITABLE FOR EFFECTUATING THE POLICY OF THIS ACT."
THE ACT PROCEEDS TO ESTABLISH THE OKLAHOMA CONSERVATION COMMISSION, AS WELL AS LOCAL CONSERVATION DISTRICTS. UNDER 82 O.S. 1501-501, LOCAL CONSERVATION DISTRICTS ARE CONSIDERED GOVERNMENTAL SUBDIVISIONS OF THE STATE. 82 O.S. 1501-502 OF THE ACT SETS FORTH A NUMBER OF SPECIFIC POWERS AND DUTIES THAT THESE LOCAL DISTRICTS MAY EXERCISE, INCLUDING: THE POWER TO MAKE SURVEYS AND INVESTIGATIONS PERTAINING TO THE CONSERVATION OF RENEWABLE NATURAL RESOURCES, THE POWER TO CONDUCT OPERATIONS FOR THE CONSERVATION OF THESE RESOURCES, AND THE POWER TO CARRY OUT PREVENTIVE AND CONTROL MEASURES IN FURTHERANCE OF RESOURCE CONSERVATION. SECTION 1501502(5) SPECIFICALLY AUTHORIZES LOCAL CONSERVATION DISTRICTS TO UNDERTAKE THE FOLLOWING:
 ". . . TO OBTAIN OPTIONS UPON AND TO ACQUIRE, BY PURCHASE, EXCHANGE, LEASE, GIFT, GRANT, BEQUEST, DEVISE OR OTHERWISE, ANY PROPERTY, REAL OR PERSONAL, OR RIGHTS OR INTERESTS THEREIN; TO MAINTAIN, ADMINISTER AND IMPROVE ANY PROPERTIES ACQUIRED; TO RECEIVE INCOME FROM SUCH PROPERTIES AND TO EXPEND SUCH INCOME IN CARRYING OUT THE PURPOSES AND PROVISIONS OF THIS ACT; AND TO SELL, LEASE OR OTHERWISE DISPOSE OF ANY OF ITS PROPERTY OR INTEREST THEREIN, ALL IN FURTHERANCE OF THE PURPOSES AND PROVISIONS OF THIS ACT; . . ."
(I)
YOUR FIRST QUESTION ASKS WHETHER A LOCAL CONSERVATION DISTRICT MAY DISTRIBUTE FUNDS TO A GROUP SUCH AS A LOCAL SCHOOL CHAPTER OF THE FUTURE FARMERS OF AMERICA. THE DISTRIBUTION OF FUNDS BY A GOVERNMENTAL SUBDIVISION OF THE STATE TO INDIVIDUALS AND PRIVATE ORGANIZATIONS GENERALLY ADDRESSED BY ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION, WHICH STATES:
 "THE LEGISLATURE SHALL NOT AUTHORIZE ANY COUNTY ON SUBDIVISION THEREOF, CITY, TOWN, OR INCORPORATED DISTRICT, TO BECOME A STOCKHOLDER IN ANY COMPANY, ASSOCIATION, OR CORPORATION, OR TO OBTAIN OR APPROPRIATE MONEY FOR, LEVY ANY TAX FOR, OR TO LOAN ITS CREDIT TO NY CORPORATION, ASSOCIATION, OR INDIVIDUAL."
THIS CONSTITUTIONAL PROVISION AND THE ANALOGOUS PROVISION APPLICABLE TO THE STATE ITSELF, ARTICLE X, SECTION 17 HAVE BEEN HELD BY A NUMBER OF COURT DECISIONS AND ATTORNEY GENERAL OPINIONS TO PRECLUDE THE USE OF PUBLIC FUNDS TO ASSIST PRIVATE ENTITIES NO MATTER HOW WHOLESOME AND BENEFICIAL THE PURPOSES OR ACTIVITIES OF SUCH ENTITIES MAY BE AS TO THAT PORTION OF THE PUBLIC WITH WHICH THEY COME INTO CONTACT." A.G. OPIN. 82-071. SEE ALSO, A.G. OPIN. NO. 80-221; BURKHARDT V. CITY OF ENID, 771 P.2D 608, 611 (OKLA. 1989); VETERANS OF FOREIGN WARS V. CHILDERS, 171 P.2D 618 (OKLA. 1946); HAWKS V. BLAND, 9 P.2D 720 (OKLA. 1932); YETTE V. CHILDERS, 227 P. 145 (OKLA. 1928). FOR EXAMPLE, IN CHILDERS, THE OKLAHOMA SUPREME COURT FOUND THAT A LEGISLATIVE APPROPRIATION TO A PRIVATE CORPORATION, THE VETERANS OF FOREIGN WARS WAS AN UNCONSTITUTIONAL GIFT UNDER ARTICLE X, SECTION 15. IN OPINION 80-944, THE ATTORNEY GENERAL'S OFFICE REACHED A SIMILAR CONCLUSION AA TO THE USE OF A CITY'S FUNDS FOR IMPROVEMENTS TO A CHURCH'S PROPERTY.
NEVERTHELESS, IN SPITE OF ARTICLE X, SECTION 15, THE STATE AND ITS AGENCIES AND SUBDIVISIONS MAY PROPERLY ENTER INTO CONTRACTS WITH INDIVIDUALS AND PRIVATE ORGANIZATIONS. SUCH CONTRACTS ARE LAWFUL, IF THEY ARE SUPPORTED BY VALUABLE CONSIDERATION, IF THEY SERVE A PUBLIC PURPOSE, AND IF THERE ARE PROPER CONTROLS AND SAFEGUARDS TO ENSURE THE ACCOMPLISHMENT OF THAT PURPOSE. A.G. OPIN. 82-071; OKLA. CONST. ARTICLE X, SECTION 14. WAY V. GRAND LAKE ASSOCIATION. INC., 635 P.2D 1010, 1015-1018 (OKLA. 1981).
THUS, IN WAY, THE SUPREME COURT HELD THAT THE OKLAHOMA DEPARTMENT OF TOURISM'S PAYMENT OF CLAIMS TO A MULTI-COUNTY NON-PROFIT ORGANIZATION WAS NOT UNCONSTITUTIONAL BECAUSE THE CLAIM WAS PAID IN FURTHERANCE OF A PUBLIC PURPOSE (THE PROMOTION OF TOURISM) THAT WAS CLEARLY SET FORTH IN APPLICABLE STATUTES AND BECAUSE THE LEGISLATURE HAD ESTABLISHED DETAILED CONDITIONS AND SAFEGUARDS GOVERNING THE PAYMENT OF SUCH CLAIMS.
AS I UNDERSTAND IT, YOUR FIRST QUESTION CONCERNS A SITUATION IN WHICH A LOCAL CONSERVATION DISTRICT DISTRIBUTES FUNDS TO A PRIVATE ORGANIZATION LIKE THE FUTURE FARMERS OF AMERICA IN EXCHANGE FOR THE REDUCTION IN A PAYMENT UNDER A LEASE ENTERED INTO BETWEEN THE DISTRICT AND THE PRIVATE ORGANIZATION. WHAT YOU HAVE DESCRIBED MAY BE IN THE NATURE OF A NEGOTIATED CONTRACTUAL AGREEMENT BETWEEN A STATE AGENCY AND A PRIVATE ORGANIZATION.
ACCORDINGLY, THE LEGALITY OF SUCH AN AGREEMENT DEPENDS UPON THE FACTORS ALLUDED TO ABOVE. FIRST, IN ORDER TO BE LAWFUL, THE DISTRICT DISTRIBUTION OF FUNDS TO THE PRIVATE ORGANIZATION MUST BE SUPPORTED BY VALUABLE CONSIDERATION. IN OTHER WORDS, THE DISTRIBUTION MUST ACTUALLY HAVE BEEN MADE IN EXCHANGE FOR THE REDUCTION IN THE LEASE PAYMENT. SEE CHILDREN' HOME WELFARE ASSOCIATION V. CHILDERS, 171 P.2D 613 (OKLA. 1946). SECOND, THE DISTRIBUTION OF FUNDS MUST HAVE BEEN MADE FOR PROPER PUBLIC PURPOSE. IN THIS INSTANCE, THIS SECOND REQUIREMENT MEANS THAT THE DISTRIBUTION OF FUNDS IN EXCHANGE FOR THE REDUCTION IN THE LEASE PAYMENT MUST SERVE ONE OF THE POLICIES SET FORTH IN THE CONSERVATION DISTRICT ACT AND MUST ARISE OUT OF THE PERFORMANCE OF THE LOCAL DISTRICT'S AUTHORIZED POWERS AND DUTIES.
WHETHER OR NOT A PARTICULAR AGREEMENT SUCH AS THE ONE YOU HAVE DESCRIBED ACTUALLY MEETS THESE REQUIREMENTS IS A QUESTION OF FACT BEYOND THE SCOPE OF THIS LETTER. HOWEVER, FOR THE REASON SET FORTH ABOVE, IT IS MY OPINION THAT IF A LOCAL CONSERVATION DISTRICT'S PAYMENT TO A PRIVATE ORGANIZATION IS MADE PURSUANT TO AN AGREEMENT UNDER WHICH THE DISTRICT RECEIVES VALUABLE CONSIDERATION FOR THAT PAYMENT, IF THE AGREEMENT SERVES ONE OF THE POLICIES SET FORTH IN THE CONSERVATION DISTRICT ACT, AND IF THE AGREEMENT ARISES OUT OF THE DISTRICT'S EXERCISE OF ITS AUTHORIZED POWERS AND DUTIES, THEN A DISTRICT'S PAYMENT TO A PRIVATE ORGANIZATION WOULD BE LAWFUL.
(II)
YOUR SECOND QUESTION CONCERNS THE LEGALITY OF DIRECTORS OF COUNTY DISTRICT CONSERVATION BOARDS ACCEPTING REIMBURSEMENT FROM THEIR BOARDS FOR PER DIEM AND MILEAGE EXPENSES INCURRED IN ATTENDING BOARD MEETINGS. THIS QUESTION IS RESOLVED BY 82 O.S. 1501-413 AND 82 O.S. 1501-605. SECTION 1501-413 STATES, "DISTRICT DIRECTORS SHALL BE PAID A PER DIEM OF FIFTEEN DOLLARS ($15.00) PER MEETING FOR ATTENDING MONTHLY DISTRICT BOARD MEETINGS AND FOR SUCH OTHER AREA AND STATE MEETINGS AS ARE CALLED BY THE OKLAHOMA CONSERVATION COMMISSION." THUS, 82 O.S. 1501-605 EXPRESSLY AUTHORIZES REIMBURSEMENT FOR PER DIEM EXPENSES (AT THE SPECIFIED RATE) FOR ATTENDING BOARD MEETINGS. 82 O.S. 1501-413 AUTHORIZES REIMBURSEMENT FOR "EXPENSES" OF DIRECTORS ATTENDING MEETINGS. THE TERM "EXPENSES," IS BROAD ENOUGH, I THINK, TO INCLUDE A REASONABLE REIMBURSEMENT FOR MILEAGE INCURRED BY BOARD MEMBERS IN ATTENDING MEETINGS. IT IS, THEREFORE, MY OPINION THAT THE DIRECTORS OF A LOCAL COUNTY CONSERVATION DISTRICT BOARD MAY PROPERLY ACCEPT PER DIEM AND MILEAGE EXPENSES FOR ATTENDING BOARD MEETINGS.
FINALLY, YOU HAVE ASKED WHETHER LT IS LEGAL FOR LOCAL COUNTY CONSERVATION DISTRICTS TO PAY EITHER FEES OR EXPENSE INCURRED BY BOARD MEMBER IN THE COURT OF PERFORMING THEIR DUTIES. SECTION 1501-413 EXPRESSLY PROVIDES, THAT DIRECTORS TO LOCAL CONSERVATION DISTRICTS SHALL BE ENTITLED TO BE REIMBURSED BY THE DISTRICT FOR ACTUA L EXPENSES INCURRED IN THE OFFICIAL PERFORMANCE OF THEIR DUTIES. N I, THEREFORE, CONCLUDE THAT A LOCAL COUNTY CONSERVATION DISTRICT MAY PROPERLY REIMBURSE ITS DIRECTORS FOR SUCH ACTUAL EXPENSES INCURRED IN THE PROPER PERFORMANCE OF THEIR DUTIES.
(RABINDRANATH RAMANA)